******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EVELEIGH, J., dissenting. I respectfully dissent. I disagree with the majority's conclusion that the defendant, Kristine McNamara, failed to brief adequately how she was harmed by the trial court's denial of her request for a continuance.[1] Under the circumstances here, and after considering the relevant factors, I would conclude that the defendant sufficiently addressed the issue of harm in her brief and that the denial of the defendant's request for a continuance constituted an abuse of discretion. Therefore, I would reverse the judgment of the trial court and remand the case for a new hearing on the second amended motion for a modification of the parties' parenting plan filed by the plaintiff, James M. McNamara.

The majority opinion sets forth in detail the factual and procedural history of this case. Accordingly, a full recitation of those facts is not needed here. I, however, briefly set forth some of the factual and procedural history of the case that is relevant to my analysis. The parties' marriage was dissolved on September 27, 2013, and a parenting plan dated September 26, 2013, was incorporated into that judgment. On January 4, 2016, the parties agreed to an amendment to and modification of the parenting plan. Subsequently, on February 5, 2018, the plaintiff filed a motion for modification. With respect to that motion, the parties entered into a stipulation on April 23, 2018, whereby they agreed to mediation of the parenting issues raised in the motion. Thereafter, on November 6, 2018, the plaintiff requested orders regarding his February 5, 2018 motion for modification, and the court entered orders in accordance with that request.

On January 11, 2019, the plaintiff filed another postjudgment motion for modification, in which he sought modification of the parties' parenting plan with respect to the following issues: (1) the defendant's constant harassing and distracting, nonemergency communications directed to the plaintiff, which he claimed were not respectful as required by the January 4, 2016 amendment to the parenting plan, (2) a Christmas and New Year holiday schedule for the minor children, as the previous parenting plan and modifications did not set forth specific parenting time concerning the Christmas and New Year's holidays, and (3) the defendant's refusal to provide consent for the plaintiff to pursue various medical and/or educational needs of the minor children, which was contrary to the well-being of the children and necessitated the plaintiff having final decision-making authority concerning the children's medical and educational needs.

On January 11, 2019, the plaintiff also filed a motion for contempt related to the defendant's failure to exe-

cute documentation for the transfer of her interest in the plaintiff's business. The trial court file also contains an amended motion for modification dated February 5, 2019, in which the plaintiff sought a modification on the basis of the same three grounds alleged in his January 11, 2019 motion for modification but included new allegations concerning actions taken by the plaintiff after the filing of the January 11, 2019 motion through February 2, 2019. The court, *Pavia, J.*, ordered a hearing to be held on March 11, 2019, with respect to the plaintiff's amended motion for modification, as well as for a number of other motions filed by the plaintiff, including an amended motion for contempt, a motion dated February 5, 2019, for this matter to be transferred to the family relations office for a custody study, and a motion to appoint a guardian ad litem for the minor children. It is not clear from the record why a hearing on the plaintiff's various motions did not take place on March 11, 2019.

On May 16, 2019, the plaintiff filed a second amended motion for modification, in which he sought a modification of the parenting plan for the same reasons as alleged in his January 11 and February 5, 2019 motions for modification, and he sought therapy for the parties' minor children, whose behavior had become volatile and physical. On May 16, 2019, the plaintiff also filed a motion to appoint a guardian ad litem for the defendant and a motion seeking to have the defendant undergo a psychological examination. On July 31, 2019, notice was issued to the defendant of a motion to withdraw filed by her counsel, Attorney William Chabb, which set a hearing date on the motion to withdraw for August 5, 2019, on which date the court, *Hon. Heidi G. Winslow*, judge trial referee, granted the motion. The defendant had made an oral request for a continuance at the hearing on August 5, 2019, which was denied by Judge Winslow at the hearing. The next day, August 6, 2019, the defendant filed a written motion for a continuance, which was denied by the court, *Eschuk, J.*, the same day.[2] A hearing was held on the plaintiff's pending May 16, 2019 second amended motion for modification on August 8 and 9, 2019, at which the defendant appeared in a self-represented capacity. The court rendered judgment granting the plaintiff's second amended motion for modification on August 12, 2019, and this appeal followed.

Next, I set forth the law and standard of review applicable to the defendant's claim that it was an abuse of discretion for the trial court to deny her motion for a continuance to obtain counsel after the court had granted her counsel's motion to withdraw just three days prior to a scheduled hearing on a pending motion for modification filed by the plaintiff. As the majority correctly notes, "[t]he determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal

absent an abuse of discretion. . . . To prove an abuse of discretion, an appellant must show that the trial court's denial of a request for a continuance was arbitrary. . . . There are no mechanical tests for deciding when a denial of a continuance is . . . arbitrary . . . . The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (Internal quotation marks omitted.) *State* v. *Rivera*, 268 Conn. 351, 378, 844 A.2d 191 (2004). "An abuse of discretion exists when a court could have chosen different alternatives but has decided the matter so arbitrarily as to vitiate logic, or has decided it based on improper or irrelevant factors." *In re Shaquanna M.*, 61 Conn. App. 592, 603, 767 A.2d 155 (2001).

In *State* v. *Rivera*, supra, 268 Conn. 379, our Supreme Court articulated the "factors that appropriately may enter into an appellate court's review of a trial court's exercise of its discretion in denying a motion for a continuance. Although resistant to precise cataloguing, such factors revolve around the circumstances before the trial court at the time it rendered its decision, including: the timeliness of the request for continuance; the likely length of the delay; the age and complexity of the case; the granting of other continuances in the past; the impact of delay on the litigants, witnesses, opposing counsel and the court; the perceived legitimacy of the reasons proffered in support of the request; [and] the defendant's personal responsibility for the timing of the request . . . ." (Internal quotation marks omitted.)

"In the event that the trial court acted unreasonably in denying a continuance, the reviewing court must also engage in harmless error analysis." (Internal quotation marks omitted.) *State* v. *Williams*, 108 Conn. App. 556, 560, 948 A.2d 1085 (2008). Where, as here, the claim involved is nonconstitutional in nature, "to establish reversible error . . . the defendant must prove both an abuse of discretion and harm . . . ." (Internal quotation marks omitted.) Id., 561.

The majority does not reach the merits of the defendant's claim on appeal that the trial court abused its discretion in denying her request for a continuance on the basis of its determination that the defendant failed to brief the issue of harm adequately. I respectfully disagree. Although the defendant has not designated a separate section of her brief to address harm, I believe she did address the harm that resulted from the court's decision when she discussed in her brief what she stood to lose if the court granted the defendant's motion, namely, "the ability to make important medical and educational decisions for her special needs children . . . ." The defendant also addressed the issue of harm resulting from her self-representation when she stated in her brief: "The defendant, a nonlawyer who was unfamiliar with the rules of evidence, did not enter one

exhibit into evidence. . . . Nor did she call one witness other than herself to testify during her case-in-chief." Accordingly, I would conclude that the defendant is entitled to a review of the merits of her claim in this appeal.

After thoroughly reviewing the record and carefully considering the factors set forth in *Rivera*, I believe that they weigh in favor of granting the continuance and, thus, that the court's failure to grant the defendant's request for a continuance constituted an abuse of discretion under the circumstances of this case.

With respect to the first factor—the timeliness of the request for a continuance—the record demonstrates that the defendant made her oral request for a continuance immediately after the court granted Attorney Chabb's motion to withdraw and the defendant realized that she would not be represented by counsel at the upcoming hearing on the plaintiff's motion for modification, which was set to take place three days later. The request, therefore, was timely. As for the second factor concerning the length of the delay, the defendant stated to the court at the August 5, 2019 hearing that she needed one month to find counsel, which was a relatively short period of time and was not unreasonable.

Moreover, as to the age and complexity of the case, the plaintiff's second amended motion for modification had been pending for two and one-half months at the time that the defendant's attorney sought to withdraw and the court denied the defendant's request for a continuance. That was not a lengthy period of time, and there is nothing in the record to suggest that any kind of emergency existed such that an immediate decision on the plaintiff's motion for modification was necessary. Although the plaintiff's May 16, 2019 motion did raise, in substance, the same claims as those raised in his January 11, 2019 motion for modification as well as his February 5, 2019 amended motion for modification, a hearing had been scheduled on that amended motion for modification for March 11, 2019. However, that hearing did not occur, and, thus, the plaintiff filed his second amended motion for modification shortly thereafter in May, 2019. Nothing in the record suggests that the failure of that hearing to take place in March, 2019, was attributable to the defendant. The trial court even recognized this matter as pending for two and one-half months since May, 2019, not since January, 2019. Moreover, I would not weigh the delay in having the issues resolved, even if construed as being seven months, against the defendant, especially when, since the filing of the plaintiff's January 11, 2019 motion for modification, the plaintiff had filed numerous other motions that had to be addressed by the court, including a motion for contempt, an amended motion for modification, an amended motion for contempt, a motion for this matter to be transferred to the family relations office for a

custody study, a motion to appoint a guardian ad litem for the minor children, a second amended motion for modification, a motion to appoint a guardian ad litem for the defendant, and a motion seeking to have the defendant undergo a psychological examination.

The fourth factor clearly weighs in favor of the defendant, as she had not previously requested a continuance prior to the hearing on August 5, 2019, when she orally requested one. After considering the fifth factor—the impact of delay on the litigants, witnesses, opposing counsel and the court—I would also conclude that this favors the defendant. At the August 5, 2019 hearing, the plaintiff never objected to the defendant's request for a continuance, nor did he make any claim that he would have been prejudiced if the court granted the defendant's request for a one month continuance. See, e.g., *Robelle-Pyke* v. *Robelle-Pyke*, 81 Conn. App. 817, 824, 841 A.2d 1213 (2004) (trial court abused its discretion in denying request for continuance when there was nothing in record to reflect that prejudice would have occurred if continuance had been granted). Moreover, the plaintiff even recognizes in his appellate brief that there is nothing in the record to indicate the impact of a delay on the court or the plaintiff.

Furthermore, with respect to the sixth factor, the plaintiff had a legitimate reason for making her request for a continuance—she wanted time to find an attorney so that she would not be self-represented at the upcoming hearing on the plaintiff's second amended motion for a modification of the parties' parenting plan. It is clear from the transcript of the proceeding on August 5, 2019, that the plaintiff expressed to the court multiple times that she did not want to proceed as a self-represented party. Given the importance of the matters involved in the upcoming hearing—the decision-making authority concerning the health care and educational needs of the parties' minor children—I cannot think of a more legitimate reason for seeking a continuance.

The final factor set forth in *Rivera* concerns the defendant's personal responsibility for the timing of the request. First, although the court stated at the hearing on August 5, 2019, its belief that the defendant was not objecting to Attorney Chabb's withdrawal, the defendant countered by making it clear to the court that she did not want to represent herself. She also asked the court "if there's some way that [they could] work it out," and stated that she was "still willing to sit down and prepare effectively." Clearly, the defendant did not consent to Attorney Chabb's withdrawal. She explained to the court that she was not able to meet with Attorney Chabb the previous week because it was a last minute request and she was with her children that day, and that her primary concern with Attorney Chabb was his lack of preparation. Attorney Chabb even acknowledged that he had not contacted the defendant for

weeks and that he usually waits to prepare until right before a hearing.

The timing of the defendant's request for a continuance was prompted by the trial court's decision to grant Attorney Chabb's motion to withdraw, even though the court was aware that a hearing was scheduled for three days later. The court recognized the "really short notice" it was giving the defendant, and yet, despite the defendant's statements that she was still willing to work with Attorney Chabb, the court granted the motion to withdraw. This is not a situation in which the defendant had sufficient time before the upcoming scheduled hearing to obtain new counsel; see, e.g., *Foster* v. *Foster*, 84 Conn. App. 311, 321, 853 A.2d 588 (2004) (denial of continuance was not improper when plaintiff had ample time to obtain counsel before scheduled hearing date); she had only three days.

Finally, I also think it is important to consider the concept of fairness in this matter. The defendant simply wanted an attorney to represent her at the upcoming hearing on the plaintiff's motion for modification, the court acknowledged the very short notice it was giving the defendant to find another attorney before the commencement of that hearing, and, as noted previously, the plaintiff never objected to the defendant's request for a continuance. I acknowledge that appellate courts "afford great deference to a court's ruling on a motion for a continuance"; *State* v. *Williams*, supra, 108 Conn. App. 565; and I recognize the importance of docket management. Under the circumstances of this case, however, I believe that the court's denial was unreasonable and arbitrary. See, e.g., id. Accordingly, I would conclude that it was an abuse of discretion for the court to deny the defendant's request for a continuance to seek new counsel, especially when the court's decision to allow her attorney to withdraw, with a hearing pending in three days, was the very reason that she needed the continuance. The court here had an1 alternative, as it could have denied Attorney Chabb's motion to withdraw. Doing so would have obviated the need for the continuance, especially given that this was not a case in which a grievance had been filed or money was owed, and the defendant was still willing to work with Attorney Chabb. Once the court granted the motion to withdraw, however, it should have afforded the defendant a reasonable continuance to give her the opportunity to obtain new counsel.

Moreover, I would conclude that the defendant was harmed by the court's decision denying her request for a continuance. Even though the court commended the defendant on her performance in representing herself during the proceedings on the plaintiff's motion for modification, her self-representation was not without its consequences. During the hearing on the plaintiff's second amended motion for modification on August 8

and 9, 2019, the defendant never introduced any exhibits, called any witnesses other than herself, or raised any objections. The failure of the court to allow the defendant a reasonable continuance to obtain counsel prevented the defendant from mounting a meaningful challenge to the plaintiff's motion for modification. See generally *State* v. *Jackson*, 334 Conn. 793, 816, 821, 224 A.3d 886 (2020) (trial court abused its discretion in failing to afford defendant reasonable continuance to obtain his own expert to counter late disclosure of expert by state, which deprived defendant of meaningful opportunity to challenge state's expert); see also *Ramos* v. *Ramos*, 80 Conn. App. 276, 284–85, 835 A.2d 62 (2003) (trial court abused its discretion in denying motion for continuance to address late disclosure of plaintiff's health condition, and court's decision was harmful when defendant was denied opportunity to investigate impact of plaintiff's health condition on determination of plaintiff's damages), cert. denied, 267 Conn. 913, 840 A.2d 1175 (2004). Moreover, given that the trial judge questioned the defendant extensively during the hearing, an attorney surely would have raised an objection on her behalf. The harm to the defendant is further demonstrated by the fact that the court granted the plaintiff's motion for modification, which resulted in the plaintiff being awarded final decision-making authority concerning educational and heath care issues of the minor children. The court's ruling on the request for a continuance denied the defendant the opportunity to mount an effective defense to the plaintiff's motion, on which the court ruled in the plaintiff's favor. "A reasonable continuance almost undoubtedly would have rectified the prejudice." *State* v. *Jackson*, supra, 815.

Accordingly, I respectfully dissent.

[1] Because I am dissenting from the majority's failure to consider whether the trial court abused its discretion in denying the defendant's request for a continuance and because, in my view, the trial court's decision was an abuse of discretion and the judgment of the trial court should be reversed on that ground, I make no comment on the other claims addressed by the majority.

[2] Judge Eschuk denied the defendant's written motion for a continuance without stating the reasons for her decision. This dissent concerns Judge Winslow's decision denying the plaintiff's oral request for a continuance at the August 5, 2019 hearing.